Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kelly Erickson; and Chuck Erickson;<br><br>　　　Plaintiffs,<br><br>v.<br><br>Autovest, LLC; and Blatt, Hasenmiller, Leibsker & Moore, LLC;<br><br>　　　Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**I.  Preliminary Statement**

1. Plaintiffs bring this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* In the course of attempting to collect a debt allegedly owed by Plaintiffs, Defendants engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiffs seek to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3. Plaintiffs are residents of Maricopa County, Arizona.
4. Plaintiffs are natural persons who allegedly owe a debt which was incurred for personal, family, or household purposes.
5. Plaintiffs are "consumers" as that term is defined by FDCPA § 1692a(3).
6. Defendant Autovest, LLC is a Michigan limited liability company registered to do business within the state of Arizona.
7. Autovest regularly uses the courts in Arizona to collect consumer debts from Arizona residents.
8. Autovest collects or attempts to collect debts which it claims to have purchased or to have been assigned after default.
9. Autovest is a "debt collector" as that term is defined by FDCPA § 1692a(6).
10. Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") is an Illinois limited liability company with offices in Arizona.
11. Blatt is a consumer debt collection law firm that regularly collects or attempts to collect debts owed or asserted to be owed or due another, from Arizona consumers.
12. Blatt is a "debt collector" as that term is defined by FDCPA §1692a(6).

13. Blatt's collection actions taken against Plaintiffs were taken on behalf of, and as an agent for, Autovest.

14. Autovest is liable for the actions of its agents, including Blatt.

### IV. Factual Allegations

15. In January 2006, Plaintiffs purchased a 2005 Chevrolet from Power Chevrolet Superstition Springs for personal, family, or household purposes.

16. In order to purchase the Tahoe, Plaintiffs entered into a Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement ("RISC") with Power Chevrolet.

17. Power Chevrolet subsequently assigned the RISC to Wells Fargo Financial Bank.

18. Sometime later, Plaintiffs fell behind on their monthly payments, and Wells Fargo repossessed the Tahoe sometime prior to November 4, 2009.

19. After repossession, Wells Fargo sold the Tahoe on November 4, 2009, and applied the sales proceeds to the balance owed on the RISC.

20. Wells Fargo subsequently claimed a deficiency balance owed by Plaintiffs on the RISC.

21. Autovest claims that it purchased Plaintiffs's Well Fargo contract sometime after default.

22. Autovest hired Blatt to assist it in collecting the claimed deficiency balance from Plaintiffs.

23. More than four years after the repossession, on June 6, 2014, Blatt filed suit on behalf of Autovest against Plaintiffs in the Maricopa County

Superior Court in an attempt to collect the alleged deficiency balance.

24. At the time Defendants filed suit, they misrepresented to Plaintiffs that the debt was not stale, and that their suit was filed within the applicable statute of limitations.

25. However, at the time Defendants filed their suit, the debt in fact was stale and past the statute of limitations.

26. At the time Defendants filed suit against Plaintiffs, they knew that the debt was stale and past the statute of limitations.

27. Despite knowing that their claim was stale, Defendants continued to pursue the lawsuit against Plaintiffs.

28. As a result of Defendants' actions, Plaintiffs have had to incur, and continue to incur, legal fees and court costs in order to defend the state court action.

29. As a result of Defendants' actions as outlined above, Plaintiffs has suffered actual damages including, but not limited to, anxiety, fear, worry, invasion of privacy, loss of opportunity, damage to credit and reputation, and other extreme emotional distress.

30. Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiffs' rights, and part of Defendants' persistent and routine practice of debt collection.

31. In the alternative, Defendants' actions were negligent.

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

32. Plaintiffs repeats, realleges, and incorporates by reference the foregoing paragraphs.

33. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

34. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiffs has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that judgment be entered against Defendants for:

    a)    Actual damages under the FDCPA;

    b)    Statutory damages under the FDCPA;

    c)    Costs and reasonable attorney's fees pursuant to the FDCPA; and

    d)    Such other relief as may be just and proper.

DATED  May 26, 2015  .

    s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs